[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMMARY JUDGMENT #120
The pro se plaintiff, Cynthia Bikovsky, filed a four paragraph complaint against the pro se defendant, Michael Shapiro, on March 24, 1998. The plaintiff alleges the following facts. The defendant, an attorney at the time, represented the plaintiff after the plaintiff was involved in an auto accident in 1990. During this representation, the defendant made material misrepresentations to the plaintiff concerning the case. The defendant also induced the plaintiff to sign a release for an amount which did not compensate the plaintiff for her injuries. The plaintiff alleges that the defendant intended to defraud the plaintiff by his misrepresentations and that deceit and trickery were used to cheat the plaintiff out of the compensation due to her, all of which establishes a case of professional negligence and legal malpractice against the defendant.
On June 11, 1998, the defendant filed an answer denying the allegations in each of the four paragraphs of the complaint, and asserting special defenses of statute of limitations and failure to state a claim upon which relief may be granted. The plaintiff filed a motion for summary judgment on June 16, 1998. The defendant filed a memorandum in opposition to the plaintiff's motion on June 25, 1998. The plaintiff filed a reply on July 9, 1998.[1]
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, ___ A.2d ___ (1998).
The plaintiff argues that the statute of limitations on her CT Page 10773 malpractice claim began to run on March 9, 1998, which is the date the plaintiff received an adverse ruling in her insurance claim, and when she claims to have discovered the harm caused by the defendant's alleged misrepresentations. The defendant argues that the special defense of the statute of limitations raises factual issues which defeat the plaintiff's motion for summary judgment. The defendant also notes that the purported date of discovery of the injury is three weeks after the defendant was served with notice of this suit.
The plaintiff has failed to provide the court with documents that show that there is no issue of disputed fact. The various memoranda filed by the plaintiff repeat the allegations of the complaint, specifically, that in the course of representing the plaintiff, the defendant made misrepresentations to the plaintiff, thereby injuring the plaintiff. The plaintiff argues that this clearly constitutes legal malpractice. The plaintiff's numerous affidavits address the issue of damages should the defendant be found liable for her injuries. The affidavits do not establish liability as a matter of law, nor do they address the other elements of a malpractice action.[2] In addition, the plaintiff has failed to adequately address the defendant's special defense regarding whether the plaintiff's claims are barred by the applicable statute of limitations. "Although we will not entirely disregard our rules of procedure, we do give great latitude to pro se litigants in order that justice may be done." Lawson v. Whitey's Frame Shop, 42 Conn. App. 599, 610,682 A.2d 1016 (1996). "[T]he right of self-representation [however] provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id.
The plaintiff is not entitled to summary judgment, as there are genuine issues of material fact in dispute concerning the defendant's special defense that the plaintiff's cause of action is barred by the applicable statute of limitations, and the plaintiff's claim that the defendant's alleged actions constitute malpractice. Accordingly, the plaintiff's motion for summary judgment is denied.
BALLEN, J.